NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WINGED LION-HOLDINGS II, LLC and FRANK P. DIASSI, : : Plaintiffs, : : v. : : FRANK J. HEVRDEJS, et.al., : : Defendants. | **Hon. Dennis M. Cavanaugh** **OPINION** Civil Action No. 05-CV-96 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Winged Lion Holdings II, LLC, and Frank P. Diassi (Plaintiffs) to remand this action to the Law Division of the New Jersey Superior Court, Morris County.  Frank J. Hevrdejs, Harmut W. Schroeder, Dale E. Barnes, Joel S. Fierberg, Robert L. Edwards, Jeannie Clough, James Vironda, John M. Sullivan, and Fibreglass Holdings, Incorporated ("Defendants") have filed a cross-motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).  No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons set forth below, Plaintiffs' motion is **granted** and Defendants' motion is dismissed due to this Court's lack of jurisdiction.

**I. BACKGROUND**

Plaintiff Diassi operated a venture capitalist business in New Jersey.  (Plaintiffs' Brief in Support of their Motion to Remand ("Pl. Br.") at 5).  In 1989 Diassi was approached by

Defendant Hevrdejs, a principal of The Sterling Group, a venture capitalist firm based in Houston, Texas, with the opportunity to invest in Fibreglass Holdings, Incorporated ("FHI"). (Id. at 5-6). FHI was a corporation formed to acquire Custom Fibreglass Manufacturing Company ("Custom") as a subsidiary, which FHI uses to sell fiberglass caps and tonneau covers placed on pickup trucks in New Jersey. (Id. at 6). FHI was created and incorporated under Delaware laws. (Defendants' Brief in Opposition to Plaintiffs' Motion to Dismiss ("Def. Br.") at 4). Diassi eventually agreed to invest $445,000.00 in FHI and in return he received 5,000 shares of common stock, a warrant to purchase 22,962 more shares of common stock, and a subordinated note issued by FHI in the amount of $395,000. (Pl. Br. at 6). Due to limitations placed on his right to sell his shares, the parties agreed Diassi would have a permanent seat on the Board. (Id.) The negotiations regarding this transactions occurred in New Jersey.

FHI had an exceptionally profitable year in 2002. (Id. at 9). At a Board of Directors meeting on December 3, 2002, due in part to FHI's success, Diassi suggested the Board market the company. (Id.) The Board agreed it should look into selling FHI and decided to speak with an investment bank about the project. (Id.) Due to Defendants' actions, FHI was not sold the following year. (Id. at 10-14). At the Board meeting on April 7, 2004, Diassi was officially removed from the Board of Directors. (Id. at 15).

On November 19, 2004, Plaintiffs filed a Complaint against Defendants in the Law Division of the New Jersey Superior Court, Morris County. (Plaintiff's Complaint ("Pl. Compl.") at 1). In their Complaint, Plaintiffs alleged Defendants violated New Jersey's Oppressed Minority Shareholder Statute and breached their fiduciary duties. (Pl. Compl. at 19-22). On January 7, 2005, pursuant to 28 U.S.C. §§§ 1132, 1441, and 1446, Defendants removed this

action to the United States District Court for the District of New Jersey. (Def. Br. at 4). Plaintiffs have now filed a motion to remand this action to state court and Defendants have filed a cross motion for this Court to dismiss this case for lack of personal jurisdiction.

## II. DISCUSSION

### A. Standard to Remand

Federal courts are courts of limited jurisdiction, having the power to hear only those cases to which Congress has specifically extended jurisdiction over the subject matter. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Removal of a complaint from state court to federal court is proper only if the federal court to which the action is removed would have jurisdiction over the matter had it originally been filed there. 28 U.S.C. §§ 1441(a)-1441(b). The burden is upon a defendant to show that removal is proper, and the Court is obligated to "strictly construe the removal statutes against removal and resolve any doubts in favor of remand." Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594, 604 (3d Cir. 2001) (internal citations omitted). Thus, if the Court determines that it has no jurisdiction over an action, removal is improper and the Court must remand.

### B. Diversity Jurisdiction

Defendants claim this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity exists between the Plaintiffs and the Defendants. Under § 1332(a)(1), a district court has original jurisdiction if the matter in controversy exceeds $75,000 and the dispute is between "citizens of different States." When a dispute involves corporations, diversity between the parties must still exist. Under § 1332(c)(1) a corporation is considered a "citizen of any State where it is incorporated and any State where its principal place of business

is located." Here, Plaintiff Winged Lion is a corporation incorporated in Delaware, with a business address in Florham Park, New Jersey. (Defendants' Notice of Removal at 2). Defendant FHI is also a corporation incorporated in Delaware and has its principal place of business in Long Beach, California. (Id.) Both Winged Lion and FHI were incorporated in Delaware, so both are considered citizens of Delaware. Therefore, based on the face of Plaintiffs' Complaint and Defendants' Notice of Removal, it appears diversity jurisdiction does not exist between all of the parties and this Court does not have subject matter jurisdiction.

### C. Fraudulent Joinder

Defendants allege that despite the fact that FHI and Winged Lion are both Delaware citizens, diversity jurisdiction still exists due to the doctrine of fraudulent joinder. The Third Circuit has stated that a joinder will be considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Abels v. State Farm & Fire Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985). The Third Circuit has also stated, "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims of defenses." Boyer, 913 F.2d at 111. A district court should not embark on a "penetrating" inquiry into state law in deciding the issue of whether a joinder was fraudulent. Batoff, 977 F.2d at 853. If a district court may only dismiss a claim after conducting an analysis of state law, the claim "is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction. Id.

Generally, plaintiffs have the option of naming any party they decide to sue, subject only to the rules of joinder of necessary parties. Id. at 110. Despite the fact that a plaintiff's decision in this area can impact diversity jurisdiction, courts should not interfere in this area unless a plaintiff impermissibly "manufactured diversity or used an unacceptable device to defeat diversity." Id. A removing party who seeks to justify removal on grounds of fraudulent joinder bears a heavy burden of persuasion. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). A district court must resolve all contested issues of substantive fact in favor of the plaintiff and must interpret any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. Boyer v. Snap-on Tools Corporation, 913 F.2d 108, 111 (3d Cir. 1990) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1990)). If there is even a possibility a state court would find the plaintiff's complaint states a cause of action against any one of the resident defendants, the federal court must find joinder was proper and remand the case to state court. Id. (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41(11th Cir. 1983).

Defendants have not met the heavy burden required to show that removal is justified due to fraudulent joinder. It is not for this Court to decide whether Plaintiffs' claims against FHI have merit. At this juncture, this Court must only decide if removal was proper. In order to show that removal was proper, Defendants had to prove Plaintiffs' claim against FHI was the product of a fraudulent joinder. Defendants claim joining FHI was fraudulent because "the action of the non-diverse defendant is defective as a matter of law." (Def. Br. at 9). Plaintiffs have asserted claims against Defendants, including FHI, under the New Jersey Oppressed Minority Shareholder Law, which is part of the new Jersey Business Corporation Act ("BCA"),

N.J.S.A. 14A:1-1, et seq.  The BCA applies to foreign corporations, which includes Delaware corporations.  Defendants have not shown there is no possibility a state court could not find a valid cause of action exists against FHI under the BCA.  Defendants also failed to show Plaintiffs acted in bad faith by joining FHI.  Defendants have not satisfied their burden.  Therefore, this case is remanded to state court.  Because this case is remanded to state court, Defendants' cross motion is dismissed.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiffs' motion for remand is **granted** and Defendants' cross motion is dismissed due to this Court's lack of jurisdiction.  An appropriate Order accompanies this Opinion.

                            S/ Dennis M. Cavanaugh
                            Dennis M. Cavanaugh, U.S.D.J.

Date:        October 31, 2005
Original:   Clerk's Office
Cc:         All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File